Per Curiam.

This being a record of a court of the United States, and not of a state court, and so not within the act of Congress, prescribing the mode in which the records and judicial proceedings of the courts of any state shall be authenticated, it remains with the court to decide upon the sufficiency of the evidence. The mode of certifying the record in the present case, being the ordinary mode used in Massachusetts, instead of the technical exemplification, we are of opinion, as it is also under the seal of the court, that it is sufficient.(a)

(a) Barney v. Patterson’s lessee, 6 Har. & Johns. 182, 202, 203. St. Albans v. Bush, 4 Verm. R. 58. Rochelle’s heirs v. Bowers, 9 Louisiana, (Curry’s) 528. Reed v. Ross, 1 Baldwin, 36. “See also a similar case decided in the same way and upon the same ground, where the copy offered and received, according to the report, was an office copy. Jenkins v. Kinsley, Col. Cas. 136. Quere, however ; for the circuit court of the United States in relation to the supreme court of New York, has been regarded as the court of another government; Baldwin v. Hale, 17 Johns. 272, 273 : Griswold v. Sedgwick, 1 Wend. 131; and clearly, therefore, mere office copies of their judgments, &c., are not competent evidence. But examined copies are receivable ; Baldwins. Hale, supra', indeed, they are admissible, in cases of judgments, &e. strictly foreign in their character. Where the copy of a record of the district court of the United States sitting at Baltimore, was offered in the circuit court of the United States at Philadelphia, authenticated by the clerk, under the seal of the court, the same was held sufficiently proved; and the court seem to have taken judicial notice that the seal was the proper seal of the district court. United States v. Wood, 2 Wheel. Cr. Cas. 325, 326, 328. The copy in this case was on three distinct sheets of paper, not attached or connected together ; and the court in respect to an objection on this ground,' say, ‘ it is by no means fatal to the evidence, although it is certainly improper to certify records in the way that this is, in sheets unconnected by some fastening. But if the court, upon inspection, is satisfied (as we are in this case) with the verity of the record, that is sufficient.’ Id. 326, 328. See further as to proving a record of the circuit court of the United States, Leveringe v. Dayton, 4 Wash. C. C. Rep. 698.” Cowen & Hill’s Notes to 1 Phill. Ev. 1126. See also id. 896.