## Case No. 2,114a.

### BUFORD v. HICKMAN.

[Hempst. 232.] [1]

Superior Court, D. Arkansas.    Feb., 1834.

EVIDENCE—JUDGMENT —AUTHENTICATION — JUDICIAL NOTICE.

1. The act of congress of 1790 [1 Stat. 122], regulating the mode of authenticating records and judicial proceedings, applies in terms to the records of state courts; but a judgment of a court of the United States is admissible when authenticated in the same manner as provided in that act.

2. Courts of the United States are bound to take notice of the officers of the respective courts of the United States.

3. A record which does not contain a writ, or show a service, nor an appearance of the party, nor any issue nor any act done by attorney, is not admissible, although it states that "the parties appeared by their attorneys."

In error to Hempstead circuit court.

[At law. Action upon a judgment. Defendant's special demurrer to the declaration was overruled by the court below, and he appealed. Affirmed.]

Before  JOHNSON,  ESKRIDGE, and CROSS, Judges.

OPINION OF THE COURT. An action of debt was brought by Paschal Buford, executor of Henry Buford, deceased, against William Hickman, founded upon a record of the United States district court of west Tennessee. The defendant filed a special de-

---

[1] [Reported by Samuel H. Hempstead, Esq.]

murrer to the plaintiff's declaration, but the demurrer was overruled. Issue was then taken on the plea of nul tiel record, upon which issue the court rendered judgment for the defendant; and the assignment of error calls in question the propriety of this judgment.

The whole case, we apprehend, turns upon the question of the sufficiency of the record offered in evidence. If that was full and complete, and properly authenticated, the decision of the court, in refusing to receive it as evidence, was erroneous. But, on the other hand, if it was not full and complete, and properly authenticated, the decision of the court was correct.

The first objection taken in argument to the admissibility of the record was, that it being a record of a district court of the United States, the act of congress of 1790 [1 Stat. 122] regulating the mode of authenticating records in order to make them evidence, does not apply. Admitting the act of congress of 1790 to apply alone to the records of the state courts, and this is clearly the case, still it has been decided, by some of the most respectable courts in the Union, that the record of the United States courts are admissible in evidence in the state courts, if authenticated by the seal of the court, attestation of the clerk, and certificate of the judge; and we can perceive no substantial objection to their admission as evidence in the courts of this territory. The United States exercise jurisdiction and sovereignty over Arkansas, and we conceive that we are bound to know the officers of the respective courts of the United States, and to enforce, when called upon, their judgments, for the same reasons that the English courts enforce the judgments of one another. Pepoon v. Jenkins, 2 Johns. Cas. 119; Borden v. Fitch, 15 Johns. 121.

The second objection taken to the admission of the record in evidence, is one of much more difficulty, and about which we have entertained great doubt. It has been contended that the record is incomplete and imperfect, and does not furnish evidence that the defendant was served with process. There is no writ in the record, nor does it appear that issue was joined between the parties. In the introductory part of the declaration the technical term "attached" is used; from which it might be inferred that there had been a writ, and it had been executed. It further appears from the record, that the parties appeared by their attorneys, that a jury tried the cause and gave a verdict, and that the district court rendered a judgment. But does all this furnish conclusive legal evidence of the existence of a writ and its service? If a writ be an essential component of a record, and that it is so considered is well settled by authority, can it be dispensed with, or can its legal existence be established in any other way than by its production; or can its service be shown in any

other mode than by the return of the proper officer? Duvall v. Craig, 2 Wheat. [15 U. S.] 45, 55; Adams v. Calhoun, Litt. Sel. Cas. 10. It is true, that the appearance of a party by attorney will cure a defective service of a writ, and even supersede the necessity of service, and the consent of the parties entered on the record might doubtless dispense with the writ itself. 2 Strange, 1072; [Wood v. Lide] 4 Cranch [8 U. S.] 180: [Knox v. Summers] 3 Cranch [7 U. S.] 498. But in the record of the district court, no such consent appears. The parties appeared by their attorneys, but no plea was filed, and no venire facias awarded, although, from the nature of the case, one was necessary. In short, no act was performed by the attorney going to show that he was representing the defendant Hickman. Can Hickman, then, be considered to have been regularly in court? We thing not. The record furnished, in our opinion, no legal evidence, of the service of process on Hickman, or an appearance for him; and if so, the judgment of the district court of Tennessee was not binding upon him, and was properly excluded. Judgment affirmed.