DAVID THOMAS *et al.* DAVID OWEN.

No. 9956.

JUDGMENT OF FEDERAL COURT—*for Kansas, treated as domestic judgment in determining conclusiveness of officer's return of service of process.* A judgment of the Circuit Court of the United States, sitting in Kansas, is to be treated in the State courts as a domestic judgment; and the return of the marshal of personal service of a subpœna in chancery in the action in which the judgment is rendered, is conclusive on the parties to the same extent as the return of a sheriff on a summons issued from a State court.

Error from Lyon District Court. Hon. W. A. Randolph, Judge. Opinion filed June 5, 1897. *Reversed.*

*Chas. E. Dyer* and *Buck & Spencer*, for plaintiffs in error.

*C. B. Graves, L. B. Kellogg* and *W. C. Simpson*, for defendant in error.

ALLEN, J. The proceedings of the trial court are presented here by case-made, and objection is made to the consideration of the alleged errors, on the ground that the time to make a case was not extended by order of the court until four days after the motion for a new trial was heard and overruled.

The record does not fairly present the question whether the case must be made, or time for making it extended by order of the court, within three days after the announcement of the ruling of the court, or whether it may be delayed until three days after the order is actually entered on the journal by the clerk. The language of the statute is, that the case "shall be served within three days after the judgment or order is entered." In the judgment entry it is recited that, on the thirteenth day of June, 1894, and before the aforesaid judgment was entered of record, the defendants filed their additional motion for judgment

on the verdict. And in the same entry it appears that on the fifteenth day of June, ninety days was allowed for making and serving a case. Again, on page 293 of the record, it is recited : " Before a judgment was entered in this case, to wit : on June 13, 1894, said defendants filed their motion of which the following is a copy." These recitals show, in the words of the statute, that judgment was not entered before the thirteenth of June, and time to make a case was given on the fifteenth of the same month. The trial judge having signed and settled the case, we cannot indulge presumptions in opposition to its recitals for the purpose of invalidating it.

This was an action of ejectment to recover a lot in the City of Emporia, with damages for its detention. It appears from the special findings in the case that, on the twelfth of June, 1874, David Owen borrowed from the Northwestern Mutual Life Insurance Company $2,700, for which he gave a mortgage on the lot in controversy. He having made default in the payment of interest, the company, on the twenty-second of May, 1878, commenced a suit in the Circuit Court of the United States for the District of Kansas to foreclose the mortgage: A chancery subpœna was duly issued, on which the deputy marshal made return of personal service on David Owen. Afterward, a judgment of foreclosure was entered, and, on the first of September, 1879, the lot was sold by a master in chancery to the insurance company for $3,850. Owen, the defendant in that case, and plaintiff in this, was present at the sale, as was also Howard Dunlap. The sale was afterward confirmed, and, on November 28, the special master executed to the insurance company a deed, which was duly recorded on the sixteenth of December following. On the fourth of December, 1879, the insurance company conveyed

the lot to Dunlap, and on the seventeenth of December Dunlap, by warranty deed, conveyed it to the defendant, David Thomas, for the sum of $5,500, and Thomas thereafter collected the rent of the building, and has had possession of the property ever since. Other facts bearing on the question whether Owen was equitably estopped from asserting title to the lot were found by the jury; but it is unnecessary to state them in order to dispose of the case. Owen claimed, and the jury found, that the return of the deputy marshal on the subpœna was false; that, in fact, no service of process from the United States Circuit Court was made on him before the judgment of foreclosure was entered. The District Court held that the marshal's return might be contradicted, and the trial resulted in a judgment in favor of the plaintiff for the lot and for $3,600 damages for its detention.

In *Goddard v. Harbour*, 56 Kan. 744, we had occasion to consider the question as to the conclusiveness on the rights of the parties of a sheriff's return of service of a summons. After a full consideration of the question, the conclusion was reached that "the return of a sheriff that he has served a summons on the defendant personally, being a matter as to the truth or falsity of which he has personal knowledge, is conclusive between the parties." The question is now raised whether a judgment of the Circuit Court of the United States, sitting in Kansas, is to be treated as a domestic judgment, and the return of service of process by the marshal, therefore, conclusive; or whether it is to be regarded as merely on the same footing with foreign judgments, and open to attack for want of jurisdiction. In *Bridge Co. v. Fowler*, 55 Kan. 17, it was held:

"A judgment of the United States Circuit Court, for the District of Kansas, occupies the same footing

as a judgment of the State court, and may be made the basis of a creditor's bill, or other like equitable action in the State court brought to protect the rights of creditors in a trust fund which has been wrongfully appropriated or misapplied."

This decision, though in a case involving different questions from those presented here, is directly in point on this proposition. To the same effect, see *Walker v. Cronkite*, 40 Fed. Rep. 133 ; *Turnbull v. Payson*, 95 U. S. 418 ; *Bates v. Days*, 17 Fed. Rep. 167 ; *Adams v. Lisher*, 3 Blackf. ( Ind.) 241 ; *Womak, Adm'r, v. Dearman*, 7 Porter (Ala.) 513 ; *Adams v. Way*, 33 Conn. 419 ; *Williams v. Wilkes*, 14 Pa. St. 228. The special findings in this case show the execution of the mortgage, a foreclosure thereof in the Circuit Court of the United States, the record of which shows jurisdiction in the court and all proceedings regular and in due form, the execution of the master's deed under a sale duly made and confirmed, and possession taken by the defendant and maintained from December, 1879, till December, 1893, when this action was commenced. No attack is made on the record for fraud, nor for irregularity other than the claim of want of actual service of the subpena. The marshal's return of service being conclusive between the parties, the master's deed conveyed a good title to the insurance company, which has passed by the mesne conveyances before mentioned to the defendant Thomas ; and on the facts found he was entitled to judgment against the plaintiff.

The question, so fully discussed by counsel, whether the five years statute of limitations was a bar to the plaintiff's action, and the question whether the facts developed on the trial and found by the jury estopped the plaintiff from asserting title against the defendants, are rendered unimportant by the conclusion reached.

The judgment must be reversed with direction to the court below to enter a judgment on the special findings of the jury in favor of the defendants for costs.