## F. V. HAMON v. W. W. FOUST.

### (Knoxville.   September Term, 1912.)

1. **EVIDENCE.** Discharge in bankruptcy is a decree or judgment of federal court, and must be certified how, when offered as evidence in our State courts.

A discharge in bankruptcy is nothing more than a decree or judgment of the federal court granting it, and, when offered in evidence in the courts of this State, it must be proved in the same manner as any other judgment or decree; and, therefore, where a paper purporting to be a copy of such discharge was merely certified by the clerk of the federal court granting same, instead of being attested by such clerk, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law, as required by our statute (section 5580 of Shannon's Code), it was properly excluded. (*Post*, *p.* 34.)

Code cited and construed: Sec. 5580 (S.); sec. 4548 (M. & V.); sec. 3795 (T. & S. and 1858).

2. **SAME. Same.** Judgments or decrees of federal courts sitting within this State must be certified as those of federal courts sitting in other States.

A judgment or decree of a federal court sitting within this State must be proved like the judgment or decree of a federal court sitting in another State, as required by section 5580 of Shannon's Code, and not as prescribed by section 5579 thereof, for domestic judgments; for said section 5580 applies to federal courts without making any exception in favor of federal courts sitting within this State. (*Post*, *pp.* 34, 35.)

Code cited and construed: Secs. 5579, 5580 (S.); secs. 4547, 4548 (M. & V.); secs. 3794, 3795 (T. & S. and 1858).

Cases cited and disapproved: Turnbull v. Payson, 95 U. S., 418; Conkey v. Conder, 137 Ind., 444; Thomas v. Owen, 58 Kan., 816; Womack v. Dearman, 7 Port. (Ala.), 513.

Hamon v. Foust.

---

### FROM SCOTT.

---

Appeal from the Chancery Court of Scott County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —HUGH G. KYLE, Chancellor.

NOBLE SMITHSON and P. A. HAYNES, for complainant.

J. C. J. WILLIAMS and ROBERT M. JONES, for defendant.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

Foust, having a judgment against Hamon, caused it to be levied upon certain property described in the bill. Thereupon Hamon filed his bill to enjoin the sale of the property, alleging as ground for the injunction that the judgment had been discharged in bankruptcy. He filed as an exhibit to the bill a paper purporting to be a copy of the discharge, but this was certified only by the clerk. Objection was made on the ground that the discharge was not properly authenticated under our statute, and it could not be used as evidence. The chancellor sustained this view, and denied the complainant relief. On appeal to the court of civil appeals, this judgment was reversed, and the case was then brought to this court by *certiorari*.

We are of the opinion that the judgment of the court of civil appeals must be reversed. The provisions of our Code bearing upon the subject are contained in section 5580, as follows: "a judicial record of a sister State, or of any of the federal courts of the United States, may be proved by a copy thereof, attested by the clerk, under his seal of office, if he have one, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law." The discharge is nothing more than a decree or judgment of the federal court by which it is granted, and our statute makes no exception.

It is insisted that, inasmuch as the discharge in question was granted by one of the district courts of the United States sitting in this State, it should be treated as the judgment of a domestic court, and that the certificate of the clerk alone, without that of the presiding judge, would be sufficient under section 5579 of our Code, which reads: "A judicial record of this State is proved by the production of the original, or by a copy thereof, certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one." Section 5580, however, makes no exception in favor of a federal court sitting within this State, as contrasted with one sitting outside of the State.

There is a decision of the supreme court of the United States in which it is said, *arguendo,* that a federal court sitting within a State is not a court foreign to the State, but practically a domestic court, and it is

Hamon v. Foust.

intimated that a certificate of the clerk alone, accompanied by the seal of his office, should be held sufficient. *Turnbull* v. *Payson*, 95 U. S., 418, 24 L. Ed., 437. The same seems to be recognized as true in *Conkey* v. *Conder*, 137 Ind., loc. cit., 444, 37 N. E., 132, and *Thomas* v. *Owen*, 58 Kan., 316, 49 Pac., 73. It was also recognized in *Womack* v. *Dearman*, 7 Port. (Ala.), 513. But in the last case cited there was a certificate of the presiding judge, as well as that of the clerk. The question raised was as to whether there ought to be a certificate of the governor of the then territory of Florida. We recognize the convenience of the rule indicated, and fully sympathize with the spirit of friendliness between the courts of the two jurisdictions indicated thereby, still we do not see how we can overcome the direct language of our statute.

We are of the opinion, therefore, that the decree of the court of civil appeals should be reversed, and that of the chancery court affirmed, with costs; and it is accordingly so ordered.