## MRS. LUNA MADRY McCLAIN v. A. J. MADRY, et al.

Western Section.    February 25, 1927.

Petition for Certiorari denied by Supreme Court, July 15, 1927.

1. Appeal and error.   On appeal the ruling of lower court will be taken as correct where the record does not present all of the evidence before the lower court.
   Where the lower court determined that an action was not barred by bankruptcy and the evidence on which the court based its opinion was not contained in the record presented to the appellate court held that the decree of the lower court must be affirmed.

2. Bankruptcy.   The liability to account for trust fund is not discharged in bankruptcy.
   Where plaintiff's claim arose from a trust fund in the hands of defendant, held that the claim would not be discharged by bankruptcy although prior to the defendant taking bankruptcy it had been merged in a judgment.

3. **Evidence. Judgments.** Judgment discharged in bankruptcy must be proved as other judgments.

Discharge in bankruptcy is a decree or judgment of a Federal court and must be certified as other judgments when offered as evidence in the courts of the State of Tennessee.

4. **Evidence.** Judgment of a Federal court in Tennessee must be proven like other judgments.

A judgment or decree of a Federal court sitting within this state must be proven like the judgment or decree of a Federal court sitting in another State, as required by section 5580 of Shannon's Code, and not as prescribed by section 5579 thereof, for domestic judgments; for section 5580 applies to Federal courts without making any exception in favor of Federal courts sitting within this State.

5. **Appeal and error. Evidence.** Discharge in bankruptcy improperly proved, held insufficient to defeat action.

Where the defendant sought to defend the action by offering in evidence his discharge in bankruptcy and the discharge in bankruptcy was simply certified by the clerk and not certified according to law, held that there was no evidence to sustain defendant's position.

Appeal from Chancery Court, Benton County; Hon. Tom C. Rye, Chancellor.

Affirmed and remanded.

Peeler & Peeler, of Camden, for appellee.

C. N. Frazier, of Camden, for appellant.

OWEN, J.  A. J. Madry is the only defendant who has appealed. Complainant had recovered a judgment for more than $1000 in the chancery court of Benton county. Execution had been issued on this judgment, which execution had been returned nulla bona. The bill in the instant case was filed against A. J. Madry and his wife and various other defendants, who were trustees in certain deeds of trust executed by the defendant A. J. Madry. The purpose of the bill was to ascertain whether mortgages executed by Madry and wife had been paid, and also to reach the equitable interest of said Madry in said tracts of land described in the bill, and to have the land sold to satisfy complainant's judgment. It appears that judgment was rendered on the 21st day of November, 1924. The bill in the instant case was filed November 16, 1925. Complainant further alleged in her bill that she had obtained the judgment for money she had placed in the hands of the defendant A. J. Madry, who was her father-in-law, she having collected $1000 as insurance upon the life of her deceased husband, a son of the defendant, and at his solicitation she had let him have $1000 to be returned to her upon demand, he having advised her that it would not be safe to deposit said money in the banks at Camden; that he had refused to return the money or any part of it upon demand. The defendant filed a plea, stating that he was adjudged a bankrupt on the 31st day of December, 1924, and that he was discharged from said judgment. The complainant joined issue on the plea of the defendant A. J. Madry. The other defend-

ants filed answers admitting the trust deeds executed, and admitted one of the trust deeds had been paid and discharged. As to the other trust deed, the trustee and beneficiaries stated that the note described in said trust deed had been transferred and they were not advised as to whether the note had been paid, or not. They could not admit or deny complainant's allegations as to the defendant A. J. Madry having received the money from complainant in a fiduciary capacity, and that he had embezzled the same.

The cause was heard on the 18th of November, 1926, the decree reciting that the same was heard upon the bill of complaint, the answer of N. J. Cuff, et al., and the plea filed by the defendant A. J. Madry, and the issues joined thereon by complainant and the proof in the cause; and the decree recites as follows: ''From all of which it duly appears to the court, and the court accordingly finds the facts, that complainant's husband, a son of defendant A. J. Madry died on the — day of January, 1917, at the time of his death he carried a policy of insurance on his life for the sum of $1000 in the Modern Woodmen payable to complainant, which was practically all the property he had; after his son's death defendant Madry took his daughter-in-law in his home to live; the day the policy of insurance was paid to complainant defendant was present, advised that she not put it in bank, and agreed that he would take the money and take care of it for her and would pay it to her as she needed it; that complainant trusted him, turned the money over to him and he converted the same to his own use, refused to pay the same back and denied ever receiving the money when complainant on the 18th day of May, 1920 filed a bill in the chancery court at Camden and recovered a judgment against said defendant, and this suit is brought to collect said judgment, the court so decrees.

''It is further decreed by the court, that defendant A. J. Madry has failed to sustain his plea of bankruptcy and a discharge of his by any competent evidence and his said plea overruled and disallowed.

''It is further decreed by the court, that if said plea had been proven that it would not avail defendant for the reason that the debts sued upon is not dischargeable in bankruptcy but falls within the exceptions thereof, but that defendant had failed to sustain his plea.

''It is therefore decreed by the court that complainant is entitled to recover a judgment against the defendant A. J. Madry in this cause on the judgment rendered in the case of Luna Madry v. A. J. Madry et al., on the 21st day of November, 1924, said sum of eleven hundred twenty-four and 85/15/100 ($1124.85) dollars, with interest thereon since the date of said judgment amounting to the sum of one hundred thirty-four and 98/100 ($134.98) dollars, making a

total sum of twelve hundred fifty-nine and 83/100 ($1259.83) dollars, together with the costs of this cause, and judgment is accordingly so rendered.

"It is further decreed by the court that complainant is entitled to subject to the payment of said judgment whatever interest the defendant A. J. Madry has in and to the lands described in the bill, by a sale thereof."

Then the decree sets forth the description of the land, which is described in the bill, and the court further ordered a reference to the Clerk and Master to hear proof and report whether or not certain trust deeds, describing them, having been paid, and if not, who is the owner of the debt described therein. The defendant Madry excepted to the decree, prayed and was granted an appeal to this court, perfected the same, and filed his bill of exceptions, which bill of exceptions is as follows:

"On the hearing of this cause upon this, the 18th day of November, 1926, the same being the November Term, 1926, of the chancery court, the following was all the evidence submitted or heard by the court:

"1. The record in the case of Mrs. Luna Madry v. A. J. Madry et al., in the chancery court at Camden, the same being Rule No. 1369.

"2. The defendant A. J. Madry offered as evidence in support of his plea a paper writing purporting to have been signed by J. Sam Johnson, clerk by D. E. Mitchell, deputy, and filed as Exhibit 'A' to said plea, when complainant objected to said paper writing as evidence in support of said plea for the reason that it was not properly authenticated or certified as required by section 5580 of Shannon's Code, and could not be looked to as evidence, which exception was by the court sustained, to which action of the court defendant A. J. Madry excepted.

"This was all the evidence introduced. The complainant tenders this, her bill of exceptions which is signed by the Chancellor and ordered filed and made a part of the record. This November 18, 1926 Tom C. Rye, Chancellor."

The defendant has assigned four errors in this court, and by these errors it is insisted that the court erred in holding that the defendant A. J. Madry had failed to sustain a plea in bankruptcy and discharge of debts, by competent evidence; (2) the court erred in decreeing that if said plea had been proven it would not avail the defendant A. J. Madry for the reason that the debt sued upon is not dischargeable in bankruptcy, and in holding that the said debt falls within the exceptions thereof; (3) the court erred in decreeing that the complainant is entitled to recover judgment against the defendant A. J. Madry in this case on the judgment rendered in the case of Luna Madry v. A. J. Madry et al. on the 21st day of November, 1924;

and that the court erred in decreeing that complainant was entitled to subject the interest of the defendant A. J. Madry in the land described in the bill, by a sale thereof.

It is also insisted that the court erred in decreeing that A. J. Madry was present at the time of collection of the insurance and advised that she not put the money in the bank and agreed that he would take the money and care for it for her and then pay it to her as she needed it, and that complainant trusted defendant A. J. Madry, turned the money over to him, and that he converted it to his own use and refused to pay it back to her.

The instant case is identified as being No. 1614. The first lawsuit between these parties was Rule No. 1369. Evidently, between the time of the filing of the first bill in Rule No. 1369, where the complainant is styled as Mrs. Luna Madry, and the instant case where she is designated as Mrs. Luna Madry McClain, complainant had married. No part of the record in the case known as Rule No. 1369 (which the bill of exceptions shows the Chancellor had before him) is copied in the transcript before us; hence we do not have the evidence the Chancellor had, upon which he based that portion of his decree that the debt came within the exception and was not dischargeable.

Section 17A (4) of the Bankruptcy Act of 1898 excepts from the operation of a discharge such of the bankrupt's provable debts as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity.

And a debt created while acting in a fiduciary capacity was not discharged in bankruptcy, although merged in the judgment. Wade v. Clark, 52 Ia., 158, 2 N. W., 1039, 35 Am. Rep., 262. So, as a matter of law, the complainant's claim, if it was a trust fund in the hands of the defendant, would not be discharged although merged into a judgment.

It appears that complainant had taken her first judgment a few days prior to the defendant's becoming a bankrupt. This appeal, however, can be terminated upon the question of whether or not the court was in error in overruling and disallowing the defendant's plea, or in holding that the plea was not supported by competent evidence.

Exhibit "A" to said plea, which was offered and excluded is in the following words and figures:

"United States of America.

"District Court of the United States )
    —              )

"Western District of Tennessee. )

"Whereas, Alvin Johnston Madry of Benton county, Tennessee, has been duly adjudged a bankrupt under the Acts of Congress relating to bankruptcy throughout the United States and appears to

have conformed to all the requirements of law in that behalf, it is therefore ordered by the court that said Alvin Johnston Madry be forever discharged from all debts and claims due and owing by him which by said acts are made provable against his estate; and which existed on the 31st day of December, 1924, on which day the petition for adjudication was filed by him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

"Witness the Honorable J. W. Ross, Judge of said District court, and the seal thereof, this 9th day of May A. D., 1925.

                                        "J. Sam Johnson, Clerk
SEAL                              "By D. E. Mitchell, Deputy."

Discharge in bankruptcy is a decree or judgment of Federal court, and must be certified, when offered as evidence in our State courts.

In Hammon v. Foust, 127 Tenn., 32, 152 S. W., 418, it was held a discharge in bankruptcy is nothing more than a decree or judgment of the Federal court granting it, and when offered as evidence in the courts of this State, it must be proven in the same manner as any other judgment or decree; and; therefore, where a paper purporting to be a copy of such discharge was merely certified by the clerk of the Federal court granting same, instead of attested by such clerk, together with a certificate of a judge, chief justice or presiding magistrate, that the attestation is in due form of law, as required by our statute (section 5580 of Shan. Code), it was properly excluded.

A judgment or decree of a Federal court sitting within this State must be proven like the judgment or decree of a Federal court sitting in another State, as required by section 5580 of Shannon's Code, and not as prescribed by section 5579 thereof, for domestic judgments; for said section 5580 applies to Federal courts without making any exception in favor of Federal courts sitting within this State.

Section 5580 of Shannon's Code is as follows:

"'A judicial record of a sister State, or of any of the Federal courts of the United States, may be proven by a copy thereof, attested by the clerk under his seal of office, if he has one, togegther with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law."

The Court of Civil Appeals, as reported in Doyle v. Fly, 1 Higgins, 263, said:

"A discharge in bankruptcy cannot be proven by a certificate of the clerk of the bankrupt court that the proceedings were regular and that the debtor has been discharged. The discharge from liability on a particular account should be proven by certified copies of the schedules, notice of proceedings and the subsequent discharge."

We are of the opinion that there is no error in the action of the Chancellor in excluding the document offered. It does not comply with section 5580 of Shannon's Code.

We are of opinion that there is no error in the decree of the Chancellor and it is affirmed.

All of the assignments are overruled and disallowed. The cost of the appeal will be paid by the defendant, for which execution will issue. The cost in the lower court will be paid as decreed by the Chancellor. The cause will be remanded to the chancery court of Benton court for the purpose of carrying out the order of reference and a sale of the lands described in the pleadings, if necessary.

Heiskell and Senter, JJ., concur.