582

STATE OF TENNESSEE ex rel. DAVID NEEDHAM,
Plaintiff in Error,

*v.*

CARL K. FORD, Defendant in Error.

376 S. W. 2d 486

(*Knoxville,* September Term, 1963.)

Opinion filed March 5, 1964.

EARL E. LEMING, Knoxville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In this case, a petition for habeas corpus was filed in the Circuit Court of Knox County on March 18, 1963 on behalf of David Needham, a minor 16 years of age, who was then confined in the Knox County Jail, having been so confined since March 13, 1963. The juvenile is a resident of Knox County, Tennessee. The original petition for habeas corpus is sworn to by his father, Trolin C. Needham, Jr.

In January 1962, two petitions were filed in the Juvenile Court of Knox County against this juvenile, each of

which charged him with breaking and entering a residence and taking certain property therefrom. Before these petitions were disposed of in the Knox County Juvenile Court, the juvenile went to California. Sometime prior to his arrest on March 13, 1963, he returned to Knox County, Tennessee. The Youth Authority of the State of California advised certain officials in the Tennessee Department of Correction that David Needham, while in California, had been committed to the care of the California Youth Authority and had escaped from the Paso Robles School for Boys in California, and that the California Youth Authority desired to return this juvenile to California. The juvenile was not taken before any judge, nor was any proceeding instituted in any court other than in this habeas corpus case.

■ After various proceedings in the Circuit Court of Knox County, the matter came on for final hearing on April 10, 1963. Various papers from the California Youth Authority were introduced in evidence. The Trial Judge held that these papers were "proper and in order" and ordered the juvenile turned over to the proper authorities for return to the State of California, pursuant to the provisions of the Interstate Juvenile Compact, T.C.A. secs. 37-801 to 37-806. Article V of T.C.A. sec. 37-801 provides, in part:

"Art. V. Return of Escapees and Absconders. (a) The appropriate person or authority from whose probation or parole supervision a delinquent juvenile has absconded or from whose institutional custody he has escaped shall present to the appropriate court or to the executive authority of the state where the delinquent juvenile is alleged to be located a written requisition for the return of such delinquent juvenile. Such

requisition shall state the name and age of the delinquent juvenile, the particulars of his adjudication as a delinquent juvenile, the circumstances of the breach of the terms of his probation or parole or of his escape from an institution or agency vested with his legal custody or supervision, and the location of such delinquent juvenile, if known, at the time the requisition is made. The requisition shall be verified by affidavit, shall be executed in duplicate, *and shall be accompanied by two (2) certified copies of the judgment, formal adjudication, or order of commitment which subjects such delinquent juvenile to probation or parole or to the legal custody of the institution or agency concerned.*" (Emphasis supplied)

The only paper purporting to be a certified copy "of the judgment, formal adjudication, or order of commitment" of this juvenile in California is a printed form with certain blanks filled in in typewriting. It is captioned:

"IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES

Sitting as the Juvenile Court"

This paper then recites:

"WHEREAS, David Sanford Needham having been duly adjudged and declared to be a Ward of the Juvenile Court and having been brought into Court for further hearing and order on February 5, 1962, at which time said ward was ordered committed to the care and custody of the Youth Authority for the time prescribed by Section 1769 of the Welfare and Insti-

tutions Code, and a certified copy of the findings and judgment being attached hereto and being made a part hereof;

"Now, this is to authorize you, Probation Officer of Los Angeles County to take and keep and safely deliver the said person into the Custody of the Youth Authority of the State of California at your earliest convenience, together with this commitment.

"And this is to authorize you, the Youth Authority of the State of California, to receive the said person ordered and committed, as aforesaid, and to safely keep the said person under the jurisdiction of the Youth Authority until said ward is 21 years of age, to wit: until December 27, 1967, or until said ward is legally discharged. And these presents shall be your authority for the same."

There is no "certified copy of the findings and judgment" attached to this purported order of commitment among the papers filed in this cause. This purported order of commitment is not actually signed by anyone. On the line indicated for the signature of the Judge of the Superior Court sitting as Judge of the Juvenile Court, the name, Ralph H. Nutter, appears in typewriting. At the point indicated for signature by the County Clerk, the name, William G. Sharp, appears by printed rubber stamp, and at the place indicated for signature by the Deputy Clerk, the name, E. Whenham, appears by script rubber stamp. This paper does have the imprint of the Seal of "Youth Authority State of California" and the imprint of the Seal of the Superior Court of Los Angeles County. This is the only paper among the documents sent from California which purports to be a copy of the order of any court.

Our statute, T.C.A. sec. 24-602, provides how judicial records of our sister states shall be certified. It provides:

"A judicial record of a sister state, or of any of the federal courts of the United States, may be proved by a copy thereof, attested by the clerk, under his seal of office, if he have one, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law."

■ The certification called for by the above statute is in conformity with the Act of Congress, 28 U.S.C.A. sec. 1738, which is also codified in this State as T.C.A. sec. 24-619. The provision in the Interstate Juvenile Compact, that the requisition *shall be* accompanied by *certified* copies of the judgment, formal adjudication, or order of commitment, contemplates a certification that imports verity in conformity with our laws and amounts to proof of the judicial record in the courts of this State; otherwise, there is no proof that the juvenile in Tennessee has been adjudged to be a ward of the California authorities.

There is no certificate, of any kind or character, by any judge in California contained in any of the papers in this cause. In holding that judicial records subject to the provision of the above quoted statute must be certified as required by the statute, this Court, in *Hamon v. Foust*, 127 Tenn. 32, 150 S.W. 418, stated:

"We recognized the convenience of the rule indicated, and fully sympathize with the spirit of friendliness between the courts of the two jurisdictions indicated thereby, still we do not see how we can overcome the direct language of our statute." 127 Tenn. 35, 150 S.W. 419.

The plaintiff in error attacks the constitutionality of the Interstate Juvenile Compact upon the ground, among others, that it violates Article I, Section 10, Clause 3 of the Constitution of the United States, which provides:

"No State shall, without the Consent of Congress, * * * enter into any Agreement or Compact with another State".

In discussing Interstate Compacts in the light of this constitutional provision, it is stated in 26 Law and Contemporary Problems (Duke University 1961), at Page 686:

"In the case of the Interstate Compact on Juveniles, an impasse was created when the House Committee on the Judiciary conditioned its willingness to recommend consent to the effectuation of the compact to those states which had already entered into it. This has not to date been acceptable to the proponents of the legislation. Here, too, however, the compacting states appear to be carrying out their program, despite failure to achieve congressional consent."

As shown by the opinions of the United States Supreme Court, in *State of Virginia v. State of Tennessee,* 148 U.S. 503, 13 S.Ct. 728, 37 L.Ed. 537, and *State of Rhode Island v. Commonwealth of Massachusetts,* 12 Pet. 657, 9 L.Ed. 1233, and other decisions of that Court, an interesting question as to the constitutionality of the Interstate Juvenile Compact is presented. In view of our conclusions in this case, we deem it unnecessary to discuss the constitutional questions presented by the plaintiff in error.

Article V of the Interstate Juvenile Compact, T.C.A. sec. 37-801, provides that upon reasonable information

that a delinquent juvenile has escaped from an institution vested with his legal custody or supervision such juvenile may be taken into custody in any other state party to the Compact without a requisition. The Compact then provides:

"But in such event, he must be taken forthwith before a judge of the appropriate court, who may appoint counsel or guardian ad litem for such person and who shall determine, after a hearing whether sufficient cause exists to hold the person subject to the order of the court".

In this case, the juvenile was not "taken forthwith before a judge of the appropriate court", but was confined in the Knox County Jail from March 13th until the petition for habeas corpus was filed on March 18th. There has been no hearing whatsoever as to the best interest of the minor. As stated, the only court appearance has been in this habeas corpus proceeding. Only one witness, the Chief Probation Officer of the Knox County Juvenile Court, testified at this hearing. He stated that the juvenile had not been brought before the Juvenile Court and no hearing of any kind had been had in the Juvenile Court. Just what family he may have in California at the present time does not appear. The record in this Court does show his father lives in Knox County and was interested enough in the juvenile to initiate this habeas corpus proceeding. The record also shows that, when the Trial Judge denied the juvenile bail pending the appeal of this case, the father petitioned this Court to admit the juvenile to bail and obtained the release of the juvenile on bail in the amount of $7,500.00 by order of Chief Justice Burnett.

Article V of the Interstate Juvenile Compact, T.C.A. sec. 37-801, further provides:

"If, at the time when a state seeks the return of a delinquent juvenile who has either absconded while on probation or parole or escaped from an institution or agency vested with his legal custody or supervision, there is pending in the state wherein he is detained any criminal charge or any proceeding to have him adjudicated a delinquent juvenile for an act committed in such state or if he is suspected of having committed within such state a criminal offense or an act of juvenile delinquency, he shall not be returned without the consent of such state".

The Act does not provide by whom such consent on the part of the state is to be given.

■ Under our statutes, T.C.A. secs. 37-201 to 37-274, as amended, juvenile courts have original exclusive jurisdiction of all cases to adjudicate a child dependent and neglected, delinquent and/or abandoned.

It is insisted by the plaintiff in error that the Judge of the Juvenile Court, before whom petitions charging acts of delinquence are pending, is the proper person to determine whether or not it is to the best interest of the juvenile to be kept in this State or return to the state seeking his requisition. In this connection, the brief of the Attorney General states:

"At any rate, it would appear that the juvenile should be kept in this State if the Juvenile Judge before whom complaints are pending should decide to retain custody of him."

Again, under our view of the case, a decision of this question is not necessary to the proper disposition of this case. We find that, for the reasons set forth, the requisition by the State of California does not meet the requirements of Article V of T.C.A. sec. 37-801.

■ Therefore, the judgment of the Trial Court is reversed and modified. The juvenile is here ordered transferred to the Juvenile Court of Knox County for further proceedings under the petitions pending in that Court against him. This course is taken in conformity with the ruling of this Court in *Greene v. State,* 210 Tenn. 276, 358 S.W.2d 306.