FESSENDEN IVES *vs.* THE TOWN OF GOSHEN.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, BALDWIN and J. M. HALL, Js.

An appeal was taken from the doings of a board of relief in the assessment of the appellant's real estate for taxation, which it was alleged was assessed above its fair market value. The court found that it was not assessed beyond its market value, but that other real estate in the town had in some instances been assessed below its just and true value, but with no intentional discrimination against the appellant. Held that, if relief against such disproportionate assessment could be granted by the court in a proper case, it could not be considered in the present case where the complaint was wholly of an assessment of the appellant's real estate above its fair market value.

[Argued March 7th—decided April 7th, 1893.]

APPEAL from the doings of the board of relief of the defendant town in the valuation of the plaintiff's property for taxation; taken to the Superior Court in Litchfield County, and heard before *Fenn, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*T. J. Hubbard,* for the appellant.

*A. D. Warner,* with him was *W. S. Judd,* for the appellee.

TORRANCE, J. Ives took an appeal from the doings of the board of relief of the town of Goshen to the Superior Court, claiming to be aggrieved by the refusal of the board to reduce the assessment upon his real estate.

In his complaint he alleges, in substance, that the assessments were excessive and beyond the fair market value of the property; and this is the only grievance of which he complains. The only relief he asks for is to have his own property assessed at its fair market value as the law prescribes. He does not allege a disproportionate assessment of his property as compared with that of others, but only

an assessment of it in excess of the statutory limit. He does not allege that the property of other tax-payers in the town has been assessed too low, but only that his own has been assessed too high. Whether it had been assessed in excess of its fair market value was the only issue which by his pleadings he asked the town to meet or the court to try.

After a full hearing the court below found that issue against him. It found that his property had not been assessed in excess of its fair market value, but had been properly assessed at that value.

Furthermore it appears that this fact was found upon proper evidence and that no error intervened in the trial which affects this finding. The appellant does not allege nor claim any such error, nor does he seek to impugn the validity of this part of the finding in any way. Indeed his claimed error is based upon the truth of the fact so found.

Now if the only issue which was before the court for trial has been thus validly and finally found against the appellant, it would seem as if that finding effectually disposed of his case. It conclusively shows that his sole grievance, his sole cause of action so to speak, has no foundation whatever.

The appellant, however, does not admit that his sole grievance was an excessive assessment of his own property, or that this was the sole issue before the Superior Court. Before that court he claimed the right to show that the property of other tax-payers in the town was assessed below its fair market value, and that this was a grievance which entitled him to some relief, and was one of the issues before the court for trial. The court without objection heard the evidence upon this point, and found certain facts therefrom ; and it is upon a claim of the appellant made upon this part of the finding, and overruled, that the present appeal is based.

The facts so found are these in substance : That the property of Ives was not assessed unequally as compared with the property of other land-holders in general; that no real estate in Goshen was assessed higher than its true and just value ; that in some instances the real estate of other persons had been assessed below its just and true value ; and that

compared with such assessments the real estate of Ives was assessed unequally and too high. The court also found "that there was no intentional discrimination against the appellant by the assessors or board of relief in regard to the assessment of his property compared with any other real estate whatever in said town."

In other words, the court finds that in some few instances real estate of other tax-payers has been unintentionally assessed below its fair market value; and from this the appellant claims, as matter of law, that his assessment should be reduced below the legal statutory limit to some vague and indefinite extent not stated.

Now whether in a case properly before the court involving the question of a disproportionate assessment, relief such as is here claimed could be granted by the Superior Court, we need not now determine. Upon this point, this court, in the recent case of *White* v. *Town of Portland*, (*ante*, p. 18,) uses the following language:—"There are two possible ways in which a tax-payer may be aggrieved; and a grievance in either way may entitle him to relief. The first is a valuation of the property in excess of its fair market value. An appeal on that ground presents a case of no difficulty. The market value may be shown and the application of the remedy is a mere matter of mathematics. The second is a valuation in excess of a rule adopted by a town, different from the rule prescribed by statute, by which he is required to pay more than his fair proportion of the taxes. In such cases, when appealed to the Superior Court, there may be a difficulty in applying a remedy. When the grievance is that the complainant's property is assessed higher than the recognized rule requires, there would be no practical difficulty in reducing the valuation accordingly. But when the grievance is, as it may be, that others are assessed lower than the complainant, although his assessment may conform to the general rule, it is difficult to see how the Superior Court can afford him any redress. A reduction of his own assessment may be unjust to others, indeed to a great portion of the town; while an increase of the lower assessments is hardly

practicable, especially if those tax-payers are not before the court as parties to the appeal. On the whole it is a serious question whether the towns should not be required to conform to the statute, and whether the courts can take cognizance of and enforce any other rule of valuation than the statutory rule."

The all-sufficient answer to the appellant's present claim is, that he does not complain of a disproportionate assessment, nor did he appeal to the Superior Court on that account. The grievance alleged is, as we have said, that his own property is assessed in excess of the statutory limit; the relief sought is a reduction of the assessment to the statutory limit. The grievance at the basis of his present claim is, that the property of others has been assessed below the statutory limit; the relief claimed is that his assessment be reduced to some unstated extent below the statutory limit. This is a new and distinct grievance, not alleged in the complaint, and hence not properly in issue between the parties nor properly before the court for trial.

It is true that the trial court heard the evidence upon this point offered by the appellant, (the town offered none,) and considered it and made a finding based upon it; but this did not enlarge the scope of the appeal, nor give the appellant the right to any relief other than or different from that to which his complaint as drawn entitled him.

The truth is that the evidence thus offered, for the purpose for which it was offered, was inadmissible under the pleadings. See the case of *White* v. *Town of Portland* above referred to. The facts found from it were immaterial upon any question properly before the court.

The appellant had alleged one cause of action which the court finds to be groundless. He proves a new and distinct cause of action which he had not alleged. If the court under these circumstances had granted him the relief which he now seeks it would have been error, because there is nothing in the pleadings to support such a judgment. It is not enough that a party *proves* facts constituting a cause of action; he must also have alleged them before he can recover. He can

recover only *secundum allegata et probata.* *Skinner* v. *Bailey*, 7 Conn., 496, 500; *Stevens* v. *Church*, 41 id., 370; *Taylor* v. *Keeler*, 50 id., 346.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.