FREDERICK KNAPP *vs.* JAMES WALKER.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Our system of pleading permits a plaintiff to state the entire transaction which forms the subject of the suit, although in so doing two causes of action are set forth ; and whenever a recovery can be had upon but one of them, the two causes of action may be united in a single count.

In the present case the defendant was charged in a single count with obtaining the plaintiff's horse by fraud, and also with a breach of contract in not making the exchange of horses as agreed. *Held* that the plaintiff had the right to state his case in this way, and to submit to the court the question whether, on the facts proved, he was entitled to recover upon either ground alleged.

Submitted on briefs November 8th—decided December 18th, 1900.

ACTION to recover damages for breach of contract and for fraud in an exchange of horses, brought originally before a justice of the peace and thence, by the defendant's appeal, to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint alleged that the defendant owned a gray mare which he represented to be worth $100, which he offered to exchange for a gray horse owned by plaintiff, of the value of $100; that by agreement with the defendant, the plaintiff, believing the statements of the defendant to be true, left his gray horse at a certain livery stable, where it was taken by the defendant, but that the defendant failed to leave his gray mare at said place, as had been agreed, but left a bay mare which was of no value and which afterwards died; that plaintiff immediately, when said bay horse was brought to his house by his hired man, notified the defendant that the bay mare was unsatisfactory.

Paragraphs 7 and 8 of the complaint were as follows: "7. The defendant at the time the agreement was made did

not have the gray mare in his possession, and did not intend to deliver the same as he had agreed, but falsely and fraudulently represented to the plaintiff that he had such a gray mare and that he would deliver the same as aforesaid, and thereby induced the plaintiff to part with his said horse. 8. The defendant made said statements knowing them to be false, with intent thereby to make said exchange and defraud him."

The complaint asked for $100 damages.

The answer denied the material allegations of the complaint.

The court found the facts substantially as alleged in the complaint, excepting that paragraphs 7 and 8 were untrue, and found that the gray mare, which the defendant had promised to deliver to the plaintiff, was at the time of the exchange of the value of $30.

The defendant claimed that from the averments of the complaint the action was for damages for the alleged fraud of the defendant; and that since the complaint contained but a single count alleging fraud, it could not properly be interpreted as also describing a cause of action upon a contract for which the plaintiff could recover after having failed to prove the fraud alleged. The court overruled said claims and rendered judgment for the plaintiff for $30.

*J. Belden Hurlbutt*, for the appellant (defendant).

*William H. Cable* and *Henry A. Purdy*, for the appellee (plaintiff).

HALL, J. A cause of action for breach of a contract for the exchange of personal property, and one for fraud in inducing the plaintiff to part with his property by means of false representations, may be united in the same complaint when both causes of action arise " out of the same transaction or transactions connected with the same subject of action." General Statutes, § 878.

Though different rules of damages may be applicable to the two causes of action, yet when a recovery can be had

upon but one, and both arise "out of the same transaction or transactions connected with the same subject of action," they may both be stated in one count. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 562.

The complaint before us, containing but one count, describes a cause of action for fraud. It alleges that the defendant by certain false and fraudulent representations, which are set forth, induced the plaintiff to part with his horse of the value of $100. It also describes a cause of action for breach of contract. It alleges that the defendant failed to perform his agreement to deliver a certain gray mare in exchange for the horse which he had received from the plaintiff. The dealings between the plaintiff and defendant with reference to an exchange of horses was the transaction out of which both the alleged causes of action arose, and a statement of all the claimed facts of the entire transaction therefore involved a statement of both of said causes of action.

Under our practice the plaintiff had the right to state in one count the entire transaction, and to submit to the court the question whether, upon the facts, he was entitled to recover the value of the horse which he had delivered to the defendant, upon the ground that he had been induced to part with it by the defendant's fraud, or only the value of the horse which the defendant had promised to deliver to him in exchange, upon the ground that his only right of action was for breach of contract.

The court having found that the defendant failed to perform his agreement, but that there was no fraud in the transaction, properly rendered a judgment for damages for breach of contract. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551; *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 470.

There is no error.

In this opinion the other judges concurred.