GENNARO DELUCIA *vs.* PASQUALE VALENTE.

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Fraud, unless pleaded, is not available as a defense, even though evidence thereof is received and considered by the trial court, and a finding made upon that subject.
Facts found but not involved in the issue raised by the pleadings cannot properly be made the subject-matter of an adjudication.

Argued January 21st—decided February 3d, 1910.

ACTION to recover for services in effecting a purchase of real estate, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $212, and appeal by the defendant.   *No error.*

*Benjamin Slade,* for the appellant (defendant).

*Ward Church,* for the appellee (plaintiff).

RORABACK, J.   It is stated in the complaint that in April, 1908, the defendant agreed with the plaintiff to pay him $200 if he would purchase for him certain real estate belonging to A. B. Fuller and Harriet A. Fuller for the price of $8,000, with the understanding that the whole of the purchase price should remain on a note secured by a mortgage; that the plaintiff thereafter, in pursuance of this agreement, obtained a transfer of this property from the Fullers to the defendant upon the terms mentioned in the agreement.

The defendant's reasons of appeal raise this proposition: that the court erred in not holding, upon the facts found, that the plaintiff's conduct in making the purchase of the real estate amounted to such a fraud as to forfeit any right to compensation for services.

The defendant's denial of the allegations contained in the complaint raised these two questions, viz: 1. Was an agreement made as alleged?   2. Was the agreement performed?   The defendant now contends that under these issues he should have been permitted to show that the alleged agreement was not enforceable because of the fraudulent conduct of the plaintiff in his negotiations for the purchase of the property.

One of the important objects of pleadings is to apprise each party of the grounds of claim or defense put forward by the other.   "The verity of records and the

conclusiveness of judgments alike require that the facts determined should be those only which are within the issues joined." *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378, 35 Atl. 266. If the defendant wished to avail himself of fraud as a defense, he should have set it up in his answer, and thus given the plaintiff an opportunity to meet such an issue. Practice Book (1908), p. 250, § 160; *American Surety Co.* v. *Pacific Surety Co.*, 81 Conn. 252, 70 Atl. 584.

The fact that the court heard evidence upon the question of fraud, considered it, and made a finding in relation to this subject, did not give the appellant the right to rely upon the special defense which had not been pleaded. *Ives* v. *Goshen*, 63 Conn. 79, 82, 26 Atl. 845.

There is no error.

In this opinion the other judges concurred.