MICHAEL F. O'HARA *vs.* THE HARTFORD OIL HEATING
COMPANY.

*Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Ordinarily a judgment is deemed to have been rendered when the
memorandum of decision is filed, regardless of the date which
it bears; but this rule does not apply where the trial court
directs that it be entered as of a different date.

A judgment cannot be based upon facts which are not within the
issues raised by the pleadings, nor can the defect be cured by the
allowance of an amendment, unless the other party is afforded
ample opportunity to meet it by further pleading and additional
evidence.

Evidence offered and admitted for a limited purpose cannot be
used for another and totally different purpose.

Evidence is admissible to show that a written contract is affected
by fraud, illegality or mistake, and thus to avoid it, or to show
that it does not express the entire agreement, and thus to com-
plete it.

The issue raised by the pleadings in the present case was whether
the defendant had breached the warranty contained in its
written contract for the sale of oil burners to the plaintiff. Upon
the trial, the plaintiff offered in evidence a letter written by
the defendant's manager for the purpose of corroborating his
oral testimony that, at the time of the sale, the additional
representation was made to him that a certain grade of heavy
fuel oil could be satisfactorily used in the burners; and, although
the trial court admitted the letter for this limited purpose only,
it subsequently found that both the written contract and the
letter comprised the agreement of the parties, that the warranty
in the letter was breached, and directed judgment to be entered
for the plaintiff as soon as he should amend his complaint by
alleging that the letter was a part of the contract. *Held* that
the trial court erred.

Argued June 8th—decided July 25th, 1927.

ACTION to recover damages for fraudulent represen-
tations, brought to the Superior Court in New London

*Transferred from Second Judicial District.

County and tried to the court, *Brown, J.;* judgment for the plaintiff for $484.88, and appeal by the defendant. *Error and cause remanded.*

*Isaac Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (defendant).

*Arthur T. Keefe,* for the appellee (plaintiff).

HAINES, J. The plaintiff brought this action November 5th, 1925, for a claimed breach by the defendant of a written contract referred to in the complaint as Exhibit A. This contract was dated August 7th, 1925, and provided for the purchase by the plaintiff from the defendant of certain oil-burning automatic heat machines at $365 each.

The finding gives no information as to the provisions of the standard warranty referred to in Exhibit A, though it is set out in full in defendant's Exhibit 4 of record. It is a material and undisputed fact, and we add it to the finding in compliance with defendant's motion to correct. Its provisions are as follows: "THE HOME APPLIANCE CORPORATION, St. Louis, Missouri, warrant each new ELECTROL Automatic Oil Burner manufactured by us to be free from defects in material and workmanship under normal use and service; our obligation under this warranty being limited to making good, at our factory, any part or parts thereof, which shall within the first ninety days of the first heating season, as hereinafter defined, after installation to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective, this warranty being expressly in lieu of all other warranties express or implied, and of all other obligations or liabilities on our part, and we neither

O'Hara v. Hartford Oil Heating Co.

assume nor authorize any other person to assume for us any other liability in connection with the sale of our burner. A heating season is defined as from September 15th to June 1st, both inclusive, of any year. This warranty shall not apply to any burner which shall have been repaired or altered outside of our factory or in any way so as, in our judgment, to affect its stability or reliability, nor which has been subject to misuse, negligence or accident, nor to any burner made by us which shall not have been operated in accordance with our printed instructions or beyond the factory rated capacity. This company shall not in any event be liable for any consequential damages, secondary charges, expenses of erecting or disconnecting, losses or damages resulting from an alleged defect in the apparatus. We make no warranty whatsoever in respect to pressure regulators, oil tanks, piping, or other equipment or accessories which are warranted by their respective manufacturers."

The parties went to trial upon the issue framed by the pleadings, viz., the breach of the contract, Exhibit A, by the defendant. During the trial the plaintiff offered in evidence a certain letter dated August 7th, 1925, the same day the contract was executed. The letter was written on the defendant's letterhead, was signed by the manager of the defendant company, and reads as follows: "Mr. M. F. O'Hara, New London, Conn. Dear Sir: In regard to the conversation which the writer had with you of even date relative to the operation of the Model 'T' Electrol Burner, we will guarantee this burner to operate successfully under normal conditions. This burner is not to be installed in buildings over 3,700 feet radiation. It will burn fuel oil 28-32 Baume oil satisfactorily. If at any time there is any information that any of your prospects

wish to know, please do not hesitate to call on us, and same will be furnished gratis."

The defendant objected to the admission of this letter on the ground that it was an attempt to vary the terms of the written contract, Exhibit A, and that if it embodied negotiations between the parties prior to the execution, it was inadmissible because the whole contract was before the court in Exhibit A. The plaintiff, however, stated the purpose of the offer to be that "it simply corroborates this witness and his claim that they represented to him that this burner would burn this 28-32 which was heavy oil, and this is a letter confirming that under date when the contract was signed. The witness just stated that." The trial court admitted the letter "for the purpose claimed," and it was marked "Exhibit H." So far as the record discloses there was no exception by the defendant to this ruling.

The trial court gave judgment for the plaintiff, and made the memorandum of decision, together with the Exhibits, a part of the finding. In the memorandum of decision, under date of April 8th, 1926, the court, after saying "I find that Exhibits A and H together comprise the contract between the parties," gave the plaintiff leave to amend the complaint upon which the trial had been had by striking out that portion reading "a copy of said contract being annexed hereto and marked as 'Exhibit A,'" and substituting the words, "which contract is comprised of Exhibits A and H in evidence," and concluded, "upon the filing of the amendment referred to in the first paragraph hereof, judgment may be entered for the plaintiff to recover of the Hartford Oil Heating Company, the present defendant corporation, $484.88." The plaintiff, on April 12th, 1926, filed the amendment so suggested by the court and on the same date the judgment was entered.

We have held that whatever the date the judgment bears, it is deemed to be rendered as of the date of the memorandum of decision. *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 Atl. 793; *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 Atl. 785; *Goldberg* v. *Krayeske,* 102 Conn. 137, 143, 128 Atl. 27. Though the rule would not apply in this case, for the reason that the court directed the judgment to enter "upon the filing of the amendment," yet the decision upon the merits of the case was in fact reached by the court before the amendment made Exhibit H a part of the contract, and at least four days before the defendant had notice that it had thus been claimed as a part of it.

The court further found that "the plaintiff was induced to enter into the contract, Exhibits A and H, upon the representations of the defendant that the 'Electrol' burners would burn heavy fuel oil," and that "the defendants have failed to furnish to the plaintiff under his contract, Exhibits A and H, an 'Electrol' oil burner that would burn or consume heavy fuel oil, or burn fuel oil 28-32 Baume oil satisfactorily or function at all therewith."

The defendant, by motion to correct, exception, and appeal, raises, among others, the question whether the trial court erred in thus finding that Exhibit H was part of the contract between the parties and in rendering judgment thereon.

There are several aspects of the question. The action was brought upon the written contract, Exhibit A, and the issues framed by the pleadings were based solely upon the breach of the terms of that writing. The judgment was based in part upon the provisions of Exhibit H, which were not involved in those issues. Such provisions cannot properly be made the subject-matter of an adjudication. *DeLucia* v. *Valente,* 83 Conn. 107, 75 Atl. 150. These issues could be changed

only by amendment, and after such amendment, allowed by the court, it was the legal right of the defendant, by proper pleading, to answer the new issues thus raised. *Lawton* v. *Herrick,* 83 Conn. 417, 76 Atl. 986; *Verdi* v. *Donahue,* 91 Conn. 448, 453, 99 Atl. 1041; *Raymond* v. *Bailey,* 98 Conn. 201, 206, 118 Atl. 915. It was entitled to admit or deny that Exhibit H was a part of the contract. Moreover, when it was offered in evidence by the plaintiff, it was not offered to establish the terms of the contract upon which the plaintiff was suing, but for the strictly limited purpose of corroborating the statement of a witness that the defendant represented to the plaintiff that the heater would operate successfully with the 28-32 Baume oil, and in admitting it, the court imposed the same limitation upon it. Evidence which is offered and admitted for a limited purpose only, and the facts found from such evidence, cannot be used for another and totally different purpose. *Fair Haven & W. R. Co.* v. *New Haven,* 77 Conn. 667, 674, 60 Atl. 651; *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 Atl. 408. The defendant was not, by that ruling, given an opportunity to object to the evidence as showing the terms of the contract, and to take an exception.

If there be fraud, illegality or mistake, this may be shown, not to modify the contract, but to destroy it as a contract. If the contract be not complete, and does not express the entire agreement of the parties, the additional portion may be shown to complete it, but it cannot change the original writing, it merely adds what the writing did not cover.

The standard warranty in Exhibit A purports to be the extent of the defendant's obligation as warrantor. The standard warranty provides *inter alia:* "This warranty being expressly in lieu of all other warranties express or implied, and of all other obligations

or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our burner." Exhibit H broadens and increases that obligation by guaranteeing that the heater would operate with 28-32 Baume oil, and the memorandum of decision shows the trial court based its judgment against the defendant largely upon a breach of that provision in Exhibit H. If the complaint had declared upon a contract made up of Exhibits A and H as contemporaneous writings, and both had been offered to establish the plaintiff's claim, a different question would have been presented, but upon this record we conclude that Exhibit H was incorrectly used, for a purpose other than that for which it was offered and admitted; that, so used, it had the effect of establishing a liability which the defendant did not assume under Exhibit A, upon which latter alone the defendant was being sued; that its use created a new and distinct issue in the case and the defendant was deprived of any opportunity to plead to it or meet it by evidence, and that the judgment for the plaintiff based upon that issue was erroneous.

These conclusions render it unnecessary to consider other claims of error.

There is error, the judgment is set aside, and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.