NICOLA DININO vs. JOSEPH A. DILORETO ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Facts not involved in the issues raised by the pleadings cannot properly be made the subject-matter of an adjudication; and, therefore, if the plaintiff alleges a cause of action based upon fraud and misrepresentation, claiming the cancellation of a deed and other equitable relief, but his proof is merely of a cause of action for money loaned, judgment must necessarily be rendered against him upon the allegations of his complaint.

Argued October 27th—decided December 12th, 1927.

ACTION for a decree cancelling and discharging of record a deed of real estate, for an accounting, for a partition of the real estate, and for other relief, brought to the Superior Court in New Haven County and tried to the court, *Ells, J.;* judgment for the defendants, and appeal by the plaintiff. *No error.*

*Lewis J. Somers,* for the appellant (plaintiff).

*George E. Beers* and *Harry R. Cooper,* for the appellees (defendants).

BANKS, J.   The complaint alleged that the plaintiff and the defendant Joseph A. DiLoreto entered into an agreement to purchase certain real estate as partners, that each contributed $1,000 toward the purchase

price, and that the title to the property was taken in the names of the plaintiff and of the two defendants, who are husband and wife; that subsequently the defendant Joseph A. DiLoreto, by fraud and misrepresentation, induced the plaintiff to transfer his interest to the defendants without consideration. The plaintiff claimed a cancellation of the deed from himself to the defendants, an accounting, the appointment of a receiver of the property, and a partition. The court found that the real transaction was a loan by the plaintiff to the defendant Joseph A. DiLoreto of $1,000, to assist him in buying the property in question; that the deed to the property was taken in the names of the plaintiff and the two defendants, the parties believing that the effect of such a deed was to vest title in the defendants and give the plaintiff security for the sum advanced by him; that thereafter the plaintiff, being about to leave the State, requested that he be given a note for his loan of $1,000, stating that he did not want to have anything further to do with any real-estate security, whereupon the plaintiff executed a quitclaim deed of his interest in the property to the defendants, and received from the defendant Joseph A. DiLoreto a writing entitling him to the payment of $1,000 three years from the date of the same.

The only assignment pursued upon the brief and in argument is one alleging that the court erred in ruling that the acceptance by the plaintiff of a written instrument acknowledging the receipt of a loan from him of $1,000, payable three years from date, precluded the plaintiff from recovering such loan prior to the expiration of the three-years period notwithstanding the loan had been made prior to the date of the instrument with no time of payment specified. The judgment did not involve such a ruling. The finding discloses that the transaction was not that alleged

in the complaint, but a loan, with the subsequent giving of a writing in the nature of a three-years note. Judgment for the defendants upon the cause of action set up in the complaint necessarily followed. This was not an action to recover money loaned and no judgment for such recovery could have been rendered upon the allegations of the complaint. *DeLucia* v. *Valente,* 83 Conn. 107, 75 Atl. 150.

There is no error.

In this opinion the other judges concurred.