THE GLOBE INVESTMENT COMPANY *vs*. FRANK J. BARTA ET AL.

First Judicial District, Hartford. January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Section 4797 of the General Statutes provides, in part, that "interest at the rate of six per centum a year, and no more, may be recovered and allowed in civil actions, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable." *Held* that the operation of this statute, in so far, at least, as it affects promissory notes and similar instruments, is confined to contracts making no provision as to the rate of interest after maturity of the debt, and does not extend to those in which a rate of interest, otherwise lawful, is prescribed as applying from and after the time when the principal becomes due.

Each of the mortgage notes in the present case was payable six months after date "with interest at the rate of six per centum" but "in the event that this note is not paid at maturity it shall bear interest from date of maturity until paid, at the rate of twelve per centum per annum." *Held* that in determining the amount of the mortgage debt for the purposes of a judgment of foreclosure, the plaintiff was entitled to have the interest,

after maturity of each note, computed at the rate of twelve per centum per annum.

Argued January 5th—decided January 27th, 1928.

ACTION to foreclose a mortgage of real estate, brought to the Superior Court in Hartford County and tried to the court, *Yeomans, J.;* judgment rendered decreeing a strict foreclosure and establishing the debt due upon the mortgage note in the sum of $1,817, from which the plaintiff appealed. *Error; judgment directed for plaintiff.*

*Aaron Nassau,* with whom, on the brief, were *Isaac Nassau* and *Francis P. Rohrmayer,* for the appellant (plaintiff).

*William S. Hyde,* for the appellees (defendants).

HINMAN, J.   The notes secured by the mortgage sought to be foreclosed were each dated June 11th, 1925, and payable six months after date "with interest at the rate of six per centum per annum. . . . In the event that this note is not paid at maturity it shall bear interest from date of maturity until paid, at the rate of twelve per centum per annum." The trial court, in determining the amount of the debt for the purposes of the foreclosure judgment, ruled that the plaintiff could not recover interest at the rate of twelve per cent from and after the date of maturity, December 11th, 1925, as provided by the notes, but was entitled to interest at six per cent only, after as well as before maturity.   The correctness of this ruling is the only issue involved in the appeal, and a rather unique situation is presented in that the only appearing appellee, the owner of the equity, with refreshing candor accedes to the appellant's contention, and foregoes brief and argument.

The trial court considered and held that § 4797 of the General Statutes applied, and precluded recovery of a greater rate of interest than that allowed thereby. The relevant portion of this statute reads as follows: "Interest at the rate of six per centum a year, and no more, may be recovered and allowed in civil actions, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable."

The language of this provision would seem to justify a construction rendering it applicable to the facts of the present case; however, interpretation in the light of its legislative history and of judicial construction of long standing leads to a contrary conclusion. It should be noted, at the outset, that we are not dealing, in this case, with the most frequent and usual contract which prescribes the rate of interest before maturity but mentions no rate after maturity. In such instances § 4797 is unquestionably applicable. In *Beckwith* v. *Trustees of Hartford, P. & F. Railroad* (1860) 29·Conn. 268, it was held, as to bonds bearing interest at seven per cent before maturity, that the rule of damages for the detention of the principal after it became due was the same as the rate of interest before maturity, agreed upon by the parties, instead of six per cent, the usual and generally prevailing rate. This rule was followed in *Adams* v. *Way* (1866) 33 Conn. 419, 431. When these cases were decided no attempt had been made to control, by legislation, the rate of interest or damages after maturity. In 1873 an Act was passed providing that "in all suits in law or equity now pending, or which may hereafter be brought for the recovery of moneys loaned, no greater rate of interest than seven per cent per annum shall be recovered or allowed for the time after the money loaned becomes due." Public Acts of 1873, Chap. 87, § 2.

This statute was construed in *Hubbard* v. *Callahan* (1875) 42 Conn. 524, an action upon a note which provided for interest at the rate of fifteen per cent after maturity. It was therein held (p. 538) that the object of the statute was to prevent the operation of the rule established in *Beckwith* v. *Trustees of Hartford, P. & F. Railroad* and followed in *Adams* v. *Way,* in cases where the contract was silent as to the rate of interest after maturity, but that the Act was not intended to, and did not, apply to contracts in which there was an express agreement for payment of a specified lawful rate of interest after maturity.

In the Revision of 1875 (effective January 1st, 1875), Title 18, Chapter 5, § 2, the phraseology of the statute in question was changed to that which, except for a substitution of six for seven per cent made in 1877, has persisted through subsequent revisions and is now part of § 4797 as quoted above. In *Hubbard* v. *Callahan, supra,* as further evidence that the intention of the Act was as therein held, attention is directed to the fact that the Revision of 1875, in applying the operation of the statute to "*damages* for the detention of money after it becomes payable," adopted almost the identical language which was used in the cases of *Beckwith v. Trustees of Hartford, P. & F. Railroad* and *Adams* v. *Way.*

The effect of the decision in *Hubbard* v. *Callahan* was to confine the operation of the Act of 1873 and its successors, including the present § 4797, at least as applied to notes and similar instruments, to those cases in which the contract makes no provision as to the rate of interest after maturity and to exclude therefrom those in which, as here, a rate of interest, otherwise lawful, is prescribed as applying from and after the time when the principal becomes payable. This construction has not, so far as we can discover, been im-

paired, by statutory amendment or judicial decision, during the more than half a century which has elapsed since the decision was rendered. Section 4798 of the General Statutes now limits the rate of interest which (except in the case of pawnbrokers) may be prescribed by agreement, as was the fifteen per cent in *Hubbard* v. *Callahan, supra,* to twelve per cent, but does not extend or otherwise affect the operation of § 4797. The conclusion is inescapable, therefore, that *Hubbard* v. *Callahan* accurately sensed and interpreted the legislative intent and purpose at the time the statute was adopted, and that the results of its practical operation have not been such as to suggest and justify extension of its application to cases such as this, else the need would have been reflected in legislative action, in like manner as the Act of 1873 followed and nullified the prior decisions above mentioned. These considerations are sufficient to constrain us to hold that the plaintiff was entitled to the interest, after maturity, specified in the notes, without extending discussion to the decisions in other States and the claimed dictates of policy and practical finance.

There is error, the judgment is set aside, and the Superior Court directed to render its judgment in favor of the plaintiff for $1,575.90, with interest at the rate of twelve per cent per annum from December 11th, 1925, together with an allowance of $100 for an attorney's fee.

In this opinion the other judges concurred.