PERSONAL FINANCE COMPANY *v.* FLORA S. LILLIE ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Submitted on briefs June 2—decided July 16, 1942.

*Richard S. Levin,* on the brief for the appellants (defendants),

*John T. Barry,* on the brief for the appellee (plaintiff).

BROWN, J.   In this action, brought April 10, 1940, the plaintiff alleged in the first paragraph of its complaint that on July 28, 1939, "the defendant[s] owed and now owe the plaintiff" $279 as evidenced by their note of July 28, 1939, payable by installments.   In the remaining paragraphs it alleged in substance that on July 27, 1939, the defendants in applying to the plaintiff for a loan made false statements to the effect that the defendant Robert was financially responsible although he was in fact bankrupt, knowing their statements to be false and with intent to induce the plaintiff to make the loan and to defraud it, that the plaintiff, believing the statements, was thereby induced to lend to the defendants $279 upon the note in question and that shortly after the defendant Robert filed a petition in bankruptcy.   The plaintiff had a right to thus set forth the entire transaction forming the subject of the suit, embracing a cause of action either upon the note or for fraud or deceit, and to submit to the court the question whether, on the facts proved, it was entitled to recover upon either ground alleged.   *Knapp* v. *Walker,* 73 Conn. 459, 47 Atl. 655.   The court found that the defendants executed the note for a valuable consideration and that the defendant Robert made the false statements and the plaintiff relied upon them as alleged, but that the defendant Flora made no representations to the plaintiff; and gave judgment for it to recover of the defendants $305.73, being the balance of the principal due upon the note plus interest.   The defendants have appealed.

Both defendants admitted the making of the note but denied the remaining allegations of the complaint. The court has found these facts: On July 28, 1939, the defendants executed and delivered to the plaintiff their joint and several installment note in the amount of $279 payable in eighteen monthly installments of $15.50 each, together with interest at the rate of 3 per cent per month on the unpaid principal balance not in excess of $100, and 2 per cent per month on any remainder of such unpaid principal balance; the consideration for the note was the discharge by the plaintiff of the defendants from their existing obligation of $231 on a previous note and $48 in cash paid by the plaintiff to the defendants; and on June 30, 1941, the date of judgment, a balance of $216 principal and $90.96 interest, a total of $306.16, was due on the note. Since the defendants by their brief have in effect abandoned any claim to a correction of the finding except as to this item of interest, it is manifest that the court's judgment for the plaintiff upon the note against both defendants is fully warranted by the allegations of the complaint and the facts found unless it erred in determining the amount of interest due. One of the three claimed errors to which the defendants by their brief have restricted the issues upon this appeal is that the court computed the interest upon the unpaid balance of principal from the date of defendants' default to the date of judgment at the rate provided in the note instead of at 6 per cent as provided by § 4731 of the General Statutes. The relevant portion of this statute reads: "Interest at the rate of six per centum a year, and no more, may be recovered and allowed in civil actions, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable." The operation of this statute, in so far, at least, as it

affects promissory notes and similar instruments, is confined to contracts in which no express provision is made as to a rate of interest after maturity and does not extend to those in which a rate of interest otherwise lawful is prescribed as applying both before and after the time when the principal becomes due. *Globe Investment Co.* v. *Barta,* 107 Conn. 276, 140 Atl. 202. The note in suit expressly provided that the defendants should pay interest on the unpaid balance of principal at the rate provided in the note "until said principal sum with interest at said rate on all unpaid balances thereof is paid." By virtue of this provision in the note this case is controlling authority that the court did not err in computing the interest as it did.

The other two claimed errors upon which the defendants rely are predicated upon an apparent misapprehension by counsel and court alike as to the validity of a special defense pleaded by the defendant Robert. This was that on February 21, 1940, he had filed a petition in bankruptcy and was thereafter "adjudicated a bankrupt" by the United States District Court. The court found that he was adjudicated a bankrupt as thus alleged. The briefs of counsel and the court's memorandum of decision and conclusions indicate that this plea of this defendant's having been adjudicated a bankrupt was mistakenly regarded as equivalent to a plea of his having received a discharge in bankruptcy. The former plea could in no event constitute a valid defense, for the adjudication in bankruptcy absolves the bankrupt from no agreement, terminates no contract and discharges no liability. *Watson* v. *Merrill,* 136 Fed. 359, 363, 69 C. C. A. 185; 6 Am. Jur. 558, § 75. Upon the particular situation suggested by this record, the latter plea might be a valid defense provided the defendant's liability was not one "for obtaining property by false pretenses or

false representations." 11 U. S. C. A. § 35. The court concluded that the defendant Robert made false statements, thus inducing the plaintiff to make the loan as alleged, and that the special defense "of his adjudication as a bankrupt is not a bar to recovery against him in this action, because the loan evidenced by said note was procured by the false representations of said defendant." It is apparent from these conclusions that the court considered a determination by it that the defendant's liability was one within the terms of the section above quoted essential to its judgment against him. In this it was in error. There being neither a plea of discharge nor a finding that any discharge had been granted, the determination of this issue was entirely immaterial and of no significance with relation to the plaintiff's right to judgment against this defendant on the ground already explained. See *DiNino* v. *DiLoreto,* 107 Conn. 124, 139 Atl. 631; *DeLucia* v. *Valente,* 83 Conn. 107, 109, 75 Atl. 150; *Ives* v. *Goshen,* 63 Conn. 79, 82, 26 Atl. 845. No question as to the effect of a discharge in bankruptcy, or as to the propriety of entering a judgment on this complaint against both defendants when one of them only participated in the deceit of the plaintiff therein alleged, which are the other two claimed errors relied upon by the defendants, was involved in the judgment rendered.

There is no error.

In this opinion the other judges concurred.