[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO SET ASIDE JUDGMENT
After this court issued a post-trial memorandum of decision in the above case, the defendant filed a Motion to Set Aside CT Page 3217 Judgment alleging that the court had erroneously concluded that the requirement of inclusion of a notice of right of cancellation was inapplicable to a home improvement contract entered into on August 6, 1988.
The court invited counsel to file briefs on the issue raised in the motion to set aside. Upon examining the legislative history of the relevant public acts by which the Home Improvement Act was variously amended in 1988, the court concludes that it correctly ruled that the requirement of inclusion of a notice of right of cancellation was not applicable to home improvement contracts until October 1, 1988.
In P.A. 88-269, Sec. 9, the General Assembly amended the Home Improvement Act to require that home improvement contracts satisfy eight specified requirements, one of which was the inclusion of a notice to the homeowner of the right to cancel the contract. P.A. 88-269 bears no specific effective date, and therefore, by operation of 2-32 C.G.S., it took effect on October 1, 1988.
The General Assembly considered the Home Improvement Act again in P.A. 88-364, when it made technical corrections to P.A. 88-269, Sec. 9. The earlier enactment, which added the requirement of inclusion of a notice of cancellation, provided, inter alia, that a home improvement contract would be unenforceable unless it "6) contains a notice of the owner's cancellation rights in accordance with the provisions of Section 12 of this act." In P.A. 88-364, the legislature amended the provision to omit the reference to "Section 12 of this act" and to substitute "in accordance with Chapter 740." The legislative history reveals that the purpose of the cited portion of P.A. 88-364 was only to make changes in the statutory references contained in the substantive provisions of P.A. 88-269, and that the change was made as a technical drafting correction only (31 H.R. Proc. Pt. 18, 1988 Session, pp. 8699-8700; 8783).
While the technical amendments were made effective on the date of approval, June 8, 1988, what was made effective on that date was not the substantive change in the Home Improvement Act, but only the substitution of the statutory citation in P.A. 88-269, with no change in the effective date of P.A. 88-269 itself.
Since the relevant amendment made in P.A. 88-364 was CT Page 3218 denominated technical, it appears that the amendment was not made in order to make one portion of the new requirements for home improvement contracts effective several months before the other new requirements enacted in P.A. 88-269, Sec. 9, but only to change the statutory reference that would take effect when P.A. 88-269 became effective on October 1, 1988.
The date of applicability of the requirement of a cancellation notice was the sole ground raised in the defendants' Motion to Set Aside Judgment.
In a reply brief filed on March 30, 1993 in response to the plaintiff's memorandum of law in opposition to defendant's Motion to Set Aside Judgment, the defendant raised additional grounds in support of its motion to set aside the judgment. It is highly questionable whether grounds not stated in the Motion to Set Aside and not, apparently, raised by a timely appeal from the ruling at issue, may be raised in this form at this time. To the extent that these issues are properly before the court, they are found to be without merit.
The defendant claims that the court erred in allowing the plaintiff to recover for certain changes in the scope of the work because such items were not reduced to writing. The short answer is that the defendant did not plead as a special defense the lack of a written agreement with regard to claimed extra work. The defendants' invocation of the Home Improvement Act is limited to three claims concerning the contract "a) it did not include a notice of the owners' cancellation rights in accordance with Chapter 740 (Home Solicitation Sales Act); b) the contractor was not a registered contractor within the meaning of 20-429 of the Connecticut General Statutes; and c) the contract did not contain a starting date and a completion date." The special defenses do not raise as an issue the failure to put extra charges in writing.
A party may not prevail on claims not made in its pleadings. Robert Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,537 (1958); Matthews v. F.M.C. Corporation, 190 Conn. 700, 705
(1983); DeLucia v. Valente, 83 Conn. 107 (1910).
The defendants' final post-judgment point is a contention that the court erroneously rejected their defense that the plaintiff could not recover because he was not a registered home improvement contractor. The provision rendering a home improvement CT Page 3219 contract unenforceable if the contractor was not registered was enacted in P.A. 88-269, Sec. 9, along with seven other requirements for enforceability. This requirement was not in effect until October 1, 1988 and was not, therefore, a bar to the plaintiff's enforcement of his contract with the defendants, which was entered into before the effective date of the cited requirement for enforceability.
The defendants' Motion to Set Aside Judgment is denied.
Beverly J. Hodgson Judge of The Superior Court