[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion for summary judgment should only be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1933). The movant bears the burden of proving that there are no material facts at issue. Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). The evidence submitted by the parties must be construed "`in the light most favorable to the nonmoving party.'" Scrapchansky v. Plainfield, supra, 450.
In the present case, the plaintiff argues that the maturity date of March 1, 1993, is clearly written in the original and the revised promissory notes. The plaintiff therefore argues that the term is not ambiguous and the parol evidence rule bars the introduction of prior negotiations to interpret the terms of the note. The plaintiff asserts that there was no mutual mistake as to the maturity date as the parties specifically discussed several different dates, settling on March 1, 1993.
Monti argues that "the Note, as currently drafted, does not embody and/or express the actual agreement between the defendants and Cianciolo with respect to the [maturity] date." Monti claims that whether he is entitled to reformation of the note is a material fact in dispute.
The equitable doctrine of mutual mistake permits the parties to reform an instrument when it does not conform to the agreement and intent of the parties. Lopinto v. Haines,185 Conn. 527, 531, 441 A.2d 151 (1981). "`[R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on CT Page 10296 the part of the other.'" (Citation omitted.) Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185, 191,602 A.2d 1007 (1992). "`Where, unknown to one of the parties, an instrument contains a mistake rendering it at variance with the prior understanding and agreement of the parties, and the other party learns of this mistake at the time of the execution of the instrument and later seeks to take advantage of it, equity will reform the instrument so as to make it conform to the prior understanding.'" Homeowners' Loan Corp. v. Stevens,120 Conn. 6, 11, 179 A. 330 (1935).
"Parol evidence is admissible to show that a written contract is affected by mistake." Connecticut Junior Republic v. Sharon Hospital, 188 Conn. 1, 26, n. 1, 448 A.2d 190 (1982), citing O'Hara v. Hartford Oil Heating Co., 106 Conn. 468, 473,138 A. 438 (1927). Whether the parties are mutually mistaken is a question of fact. Inland Wetlands Watercourses Agency v. Landmark Investment Group, Inc., 218 Conn. 703, 708,590 A.2d 968 (1991). Likewise, "what the terms of the agreement were [is] a question of fact for the trier." Lopinto v. Haines, supra, 536.
Whether the defendant Monti is entitled to reformation of the promissory note is a question of fact. Accordingly, the plaintiff's motion for summary judgment is denied.
SYLVESTER, J.