[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT HOSPITAL'S MOTION TO STRIKE
In this case, the defendant hospital has moved to strike count twenty-two of the second revised complaint which alleges reckless conduct and also moves to strike the claim for punitive damages, attorney's fees, interest and costs.
The standards to be used in evaluating a motion to strike are well-known. Every favorable inference must be given to the complaint which is the subject of the motion based on a claim of legal insufficiency. Amodio v. Cunningham, 182 Conn. 80 (1980).
The defendant hospital notes that the plaintiff relies on the same facts alleged in the negligence count to make the reckless claim. There have been several cases which stand for the proposition that where a claim of negligence is made, a reckless count must be stricken if no "new facts" are alleged to support the latter claim. In Pitka v. Ullrich,13 Conn.L.Rptr. 1 (1995), the court said: "Simply using the word `reckless' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made," cf. Varlese v. Beers, 3 CT Page 7822 Conn.L.Rptr. 747 (1991); Anderson, et al v. Ansaldie, et al,8 Conn.L.Rptr. 242 (1993).
However, if in fact the allegations made in the negligence count would support a claim of recklessness "there is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth . . . separate counts causes of action, arising out of those same facts, alleging recklessness, cf. Knapp v. Walker, 73 Conn. 459, 461 (1900). As our Supreme Court has said `reckless conduct is an aggravated form of negligence.' Dubay v. Irish, 207 Conn. 518, 534 (1988), footnote 10. "An extreme departure from ordinary care is involved.' W. Prosser W. Keaton, Torts (5th Ed.) § 34, p. 214 — that is a definition of reckless conduct, but included in that definition is a claimed departure from ordinary care which forms the basis of a negligence claim". . . . In other words, in such a situation we do not have . . . "a repetition in a reckless conduct count facts set forth in a negligence claim which cannot support a reckless claim and merely pin a different label on what is essentially a negligence theory. We have a negligence count which sets forth facts that support a negligence count but could also support a reckless conduct theory of action." Adams v. Champagne,22 Conn.L.Rptr. 241 (1998).
It is from the foregoing perspective that the court will examine the allegations of this complaint. The factual allegations of "negligence" in count twelve, the negligence count, could, if proven, support a claim of recklessness made in count twenty-two. In paragraph 4(a) of the negligence count, there is not only an allegation that the defendant, acting through its agents, failed "to properly diagnose" the baby's condition, the serious nature of which is set forth, there is also an allegation that the defendant was negligent in "choosing to ignore" those conditions. The same factual allegation is made in paragraph 3a of the reckless count and, giving the complaint every favorable inference, could support a claim that such a failure to act was willful, wanton or reckless — in effect, the claim is made that knowing of a dangerous condition in the patient, the hospital staff made a conscious decision to ignore it. In Dubay v. Irish, 207 Conn. 518, 532 (1988), the court said, "recklessness is s state of consciousness with reference to the consequences of one's acts . . . there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others . . ." In Shieman v. Lafayette Bank Trust Co., 4 Conn. App. 39
(1985), the court said that recklessness `"requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable (person).'" Id., p. 45.
Likewise, paragraph 4b of the negligence count alleges there was a CT Page 7823 failure to monitor the child's condition, over what can inferred to be a prolonged period, while the baby's condition deteriorated. Here too, there is an allegation that the defendant's agents chose to ignore the condition of the child. Giving the allegations of the complaint every favorable inference, the court cannot say that these same factual allegations on their face cannot support the reckless claim made in count twenty-two. In fact, the allegation that suggests that there was aprolonged period in which certain conditions alleged in count 4b of the negligence count (count 3b of the reckless count) were ignored, permits the characterization of such conduct as reckless. In 57 Am.Jur.2d, "Negligence" § 286, pp. 314-15, negligence is said to be a "culpable misdirection of attention." But when culpable inattentiveness continues over time, one may say the individual is reckless or even "wilfully negligent because the general disregard of the proper object of concern involves a chosen orientation." Id.
Finally, paragraph 4c of the negligence count alleges the defendant, acting through its agents, was negligent "in administering contraindicated medication." The court cannot say that given the allegations concerning this child's serious and deteriorating medical condition, the reckless count, which in part is based in its paragraph 3c on the same factual allegation as paragraph 4c of the negligence count, is legally insufficient.
In any event for the foregoing reasons, the motion to strike is denied.
Corradino, J.